UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 06-61635-CIV-COOKE/BANDSTRA

THOMAS O'HAGAN, *et al.*,

    *Plaintiffs*,

v.

M&T MARINE GROUP, LLC, *et al.*,

    *Defendants*.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS COMPLAINT

This matter is before me on Defendants' Motion to Dismiss Complaint [D.E. 33], Plaintiffs' Response in Opposition [D.E. 45] and Defendants' Reply thereto [D.E. 51]. I am denying Defendants' Motion.

### I. BACKGROUND

Plaintiffs' Complaint [D.E. 1] alleges that they saved four vessels during Hurricane Wilma on October 24, 2005. (Compl. at ¶ 12). The vessels were tied to a floating dock that began to sink during the storm. (Compl. at ¶13). Plaintiffs noticed that the dock was sinking and took measures to preserve and re-secure the vessels. *Id.* Plaintiffs voluntarily rescued the vessels at great peril to their lives. *Id.* The vessels are collectively valued at $2,204,000.00 and Plaintiffs claim a maritime lien against all Defendants for their pure salvage services. (Compl. at ¶ 16).

### II. PROCEDURE

A motion to dismiss for failure to state a claim must be filed before answering the complaint. *See* Fed. R. Civ. P. 12(b) ("[a] motion making any of these defenses shall be made before pleading if a responsive pleading is allowed"). If an answer includes an affirmative defense of failure to state

a claim for relief, a subsequent 12(b)(6) motion is null. *Byrne v. Nezhat*, 261 F.3d 1075, 1096 n.46 (11th Cir. 2001). But the court may construe the motion to dismiss as a motion for judgment on the pleadings filed pursuant to Fed. R. Civ. P. 12(c). *Id.*

Plaintiffs filed their Complaint [D.E. 1] on October 27, 2006. Defendants filed an Answer and Affirmative Defenses [D.E. 8] on January 22, 2007. One of Defendants' Affirmative Defenses was that Plaintiffs failed to state a claim for relief. *See* D.E. 8. Defendants filed the instant Motion [D.E. 33] on November 16, 2009. Accordingly, Defendants' Motion to Dismiss is null. However, consistent with *Byrne*, I will construe Defendants' Motion to Dismiss as a motion for judgment on the pleadings filed pursuant to Fed. R. Civ. P. 12(c). *See Byrne*, F.3d at 1096 n.46.

### *III. LEGAL STANDARD*

Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008). All facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party. *Id.* A motion for judgment on the pleadings can be granted only if the nonmovant can prove no set of facts which would allow it to prevail. *Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc.*, 404 F.3d 1297, 1303 (11th Cir. 2005).

### *IV. ANALYSIS*

Defendants argue that Plaintiffs' Complaint should be dismissed because it fails to comply with Southern District Local Admiralty and Maritime Rule E(3). I disagree. To comply with Local Rule E(3), a salvage complaint must "state to the extent known, the value of the hull, cargo, frieght, and other property salvaged, the amount claimed, the names of the principal salvors, and that the suit is instituted on their behalf and on behalf of all other persons associated with them." Defendants

2

argue that Plaintiffs violated Local Rule E(3) because their Complaint did not specify the amount claimed for salvage. But Local Rule E(3) only requires that the amount claimed be specified "to the extent known." *See "Esoteric" v. M/V Star One*, No. 09-22437-CV, 2009 WL 3151853, at *1 (S.D. Fla. Sept. 29, 2009). Accordingly, I will not render judgment on the pleadings in favor of Defendants because Plaintiffs' Complaint does not claim an exact amount.

Defendants also argue that Plaintiffs' Complaint should be dismissed because they are unable to prove the value of the vessels they saved. Again, I disagree. "A party states a valid claim for a salvage award if it renders voluntary assistance that contributes to the rescue of a vessel in marine peril." *Int'l Aircraft Recovery, L.L.C. v. Unidentified, Wrecked & Abandon Aircraft*, 218 F.3d 1255, 1263 (11th Cir. 2000). I find that Plaintiffs have stated sufficient facts in their Complaint to establish a salvage claim. It is not necessary, as Defendants suggest, for Plaintiffs to establish the value of the vessels in question to state a cause of action for salvage. Instead, the value of the property saved is simply one of the six factors district courts consider when determining a salvage award. *The Blackwall*, 77 U.S. 1, 9 (1869). Therefore, a motion for judgment on the pleadings in favor of Defendants is not appropriate at this time.

## V. CONCLUSION

Accordingly, Defendants' Motion to Dismiss [D.E. 33] is **DENIED**.

**DONE AND ORDERED** in Chambers, Miami, Florida this 8th day of February 2010.

_____
MARCIA G. COOKE
United States District Judge

cc:

The Honorable Ted E. Bandstra

All counsel of record