EUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 06-61635-CIV-COOKE/BANDSTRA

THOMAS O'HAGAN, *et al.*,

    *Plaintiffs*,

v.

M&T MARINE GROUP, LLC,

    *Defendant*.

_____/

## OMNIBUS ORDER

This matter is before me on Defendant's Motion to Strike Fact Witnesses [D.E. 34], Plaintiffs' Motion to Strike Fact Witnesses [D.E. 43], Defendant's Motion to Strike Plaintiffs' Expert [D.E. 35] and Motion to Strike Plaintiffs' Supplemental Expert Witness List [D.E. 55], the parties' Joint Summary of Motions in Limine [D.E. 68-4], and Plaintiffs' Motion in Limine [D.E. 72]. I will address each of these motions in turn.

**Defendant's Motion to Strike Fact Witnesses from Plaintiffs' Fact Witness List**

Defendant M&T Marine Group, LLC ("M & T") moved to strike three witnesses from Plaintiffs Thomas O'Hagan's and Francisco Arroyo's Witness List on November 16, 2009, because Plaintiffs had not provided the addresses and telephone numbers of the witnesses. On November 25, 2009, Plaintiffs provided the address and telephone number for one of the witnesses, claiming that they had just discovered this information, and withdrew the other two witnesses from their list. Although my Order Setting Civil Jury Trial Date and Pretrial Deadlines [D.E. 24] required the parties to furnish opposing counsel with a written list of the names and addresses of all fact witnesses by October 1, 2009, the address and telephone information can

only be revealed *if known*. See Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiffs did not know the address and telephone number for these witnesses, but they supplemented their witness list after they obtained this information. On these facts, I will not grant Defendant's motion to strike.

**Plaintiffs' Motion to Strike Fact Witnesses From Defendant's Fact Witness List**

Plaintiffs object to three witnesses on Defendant's Witness List, which also did not list the telephone or address of the witnesses. Instead, they are listed in c/o Houck Anderson, Defendant's counsel. The parties have recently filed their Joint Pretrial Stipulation, however, and none of the witnesses Plaintiffs seek to strike are on Defendant's Final Witness List. Accordingly, I am denying Plaintiffs' motion as moot.

**Defendant's Motion to Strike Plaintiffs' Expert and Motion to Strike Plaintiffs' Supplemental Expert Witness List**

Plaintiffs filed an Expert Witness List on November 2, 2009, listing Mr. Cory Offutt as their expert on the duties of a salvor and the type and value of the salvage services rendered on this claim. [D.E. 32]. No expert summary or report was attached, although the deadline to do so was November 5, 2009. [*See* D.E. 24]. On November 16, 2009, Defendant moved to strike this expert based on the Plaintiffs' failure to file the expert summary and/or report.

An untimely expert disclosure may result in the exclusion of the expert, unless such failure was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). In response to Defendant's motion to strike this expert, Plaintiffs averred that they had since produced a detailed report, along with Answers to Plaintiff's Expert Interrogatory. Plaintiff also offered to extend the deadline to depose their expert.[1] Although Defendant claims in its reply that the report it received was inadequate, neither party has produced the allegedly inadequate report for

---

[1] The deadline to complete expert discovery was December 3, 2009. [*See* D.E. 24].

Cory Offutt.[2] While I do not condone Plaintiffs' disregard for the Federal Rules of Civil Procedure and my own Order, I find that Defendant has not been harmed.  Defendant has received the expert report, as well as responses to its expert discovery, and could have scheduled Mr. Offutt for deposition.  I am denying its motion to strike Mr. Offutt as Plaintiffs's expert.

I will not be so generous with regard to Plaintiffs' Supplemental Expert Witness List.  On December 4, 2009, Plaintiffs filed a "Supplemental Expert Witness List," identifying Don Gilman as a Florida yacht broker who will give testimony as to the type and value of the vessels at the time of the salvage.  This "supplement" was filed a month after the deadline to furnish expert witness lists, and one day after the deadline to complete expert discovery.  Notably, the supplement also does not include an expert summary and/or report.  Defendant promptly filed a motion to strike this witness, and Plaintiffs have not bothered to respond to Defendant's motion.  Because Plaintiffs have not provided any justification for their failure, and because I cannot deem this untimely disclosure to be harmless to Defendant, I am striking Don Gilman.

### Defendant's Motion in Limine to Exclude Letters of Undertaking and Plaintiffs' Motion in Limine to Preclude Admission of Any Evidence of Settlement Discussions

Defendant and Plaintiffs each seek to exclude certain evidence pursuant to Rule 408 of the Federal Rules of Evidence.  Under Rule 408, evidence of compromise and offers to compromise are not admissible when offered to prove liability for, invalidity of, or amount of a claim that was disputed.  The Eleventh Circuit test for whether statements fall under this rule is "whether the statements or conduct were intended to be part of the negotiations toward compromise."  *Blu-J, Inc. v. Kemper C.P.A. Group*, 916 F.2d 637, 642 (11th Cir. 1990) (citation omitted).

---

[2]Defendant sites to D.E. 48, which contains Plaintiffs' Supplemental Expert Witness List.  I will address this supplement later.

Here, Plaintiffs have stated that they intend to rely on certain Letters of Undertaking to establish the value of the vessels they allegedly salvaged. Defendants argue that the Letters of Undertaking were provided in order to avoid having the vessels arrested pending the outcome of this litigation. Plaintiffs agree that the letters were "a stipulation reached between the parties... in order to avoid the consequences of having the vessels arrested," and do not offer any permissible purpose for introducing such evidence. These letters are the type of compromise protected under Rule 408. I am granting Defendant's motion.

Plaintiffs also seek to exclude what they describe as "testimony of a settlement offer made prior to filing suit." Defendant has moved to strike this motion as untimely, but Plaintiffs counter that they did not know Defendant intended to use this evidence until after the deadline for filing the Joint Summary of Motions in Limine. Plaintiffs claim they first became aware of Defendant's intent when they received it's Proposed Findings of Fact and Conclusions of Law on March 1, 2010. Defendant's proposed finding of fact No. 42 states that, "Plaintiffs testified subsequent to their services they submitted a bill for $25,000.00 which they felt compensated them for their efforts on October 24, 2005." [*See* D.E. 69]. Because I am denying Plaintiffs' motion for other reasons, I will not address its untimeliness.

"A bill that itemizes what the sender thinks the recipient owes him and demands- even under threat of legal action- payment is not an offer of settlement or a document in settlement negotiations and hence is not excusable by force of Rule 408." *Winchester Packaging, Inc. v. Mobil Chemical Co.*, 14 F.3d 316, 319 (7th Cir. 1994) (citations omitted). If Plaintiffs submitted an invoice to Defendant for payment of their salvage services, I will not exclude testimony regarding the invoice because this does not constitute settlement negotiations.

**Conclusion**

Accordingly, Defendant M&T Marine Group, LLC's Motion to Strike Fact Witnesses [D.E. 34] is **DENIED**, Plaintiffs Thomas O'Hagan's and Francisco Arroyo's Motion to Strike Fact Witnesses [D.E. 43] is **DENIED AS MOOT**, Defendant's Motion to Strike Plaintiffs' Expert [D.E. 35] is **DENIED**, Denfendant's Motion to Strike Plaintiffs' Supplemental Expert Witness List [D.E. 55] is **GRANTED**, Defendant's Motion in Limine to Preclude Admission or Testimony Regarding Letters of Undertaking [D.E. 68-4] is **GRANTED**, Plaintiffs' Motion in Limine to Preclude Admission of Any Evidence of Settlement Discussions [D.E. 72] is **GRANTED**, and Plaintiff's Motion in Limine to Preclude Evidence of Settlement Discussions is **DENIED**.[3]

**DONE AND ORDERED** in Miami, Florida, this 24th day of March 2010.

_____
MARCIA G. COOKE
United States District Judge

cc:
Honorable Ted E. Bandstra
All counsel of record

---

[3] Plaintiff's related Motion for Leave to File Motion in Limine [D.E. 71] is **GRANTED**, and Defendant's Motion to Strike Motion in Limine [D.E. 75] is **DENIED**.